IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYDER J. NICHOLAS,

        Plaintiff,

vs.                                                    CIVIL NO.  04-546 JH/LFG

METROPOLITAN LIFE INSURANCE
COMPANY, Metlife Disability,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTIONS

THIS MATTER is before the Court on Plaintiff Ryder J. Nicholas' ("Nicholas") Motion to Strike, Motion to Compel, and Motion for Sanctions, filed on January 3, 2005 [Doc. 29].[1] In addition, Nicholas subsequently filed a motion for a hearing on his motion to compel [Doc. 30], a motion for de novo review [Doc. 31], and a motion for award of benefits [Doc. 32]. The Court concludes that there is no need for a hearing on this matter. In addition, the four motions are ready for resolution without responses because they are all intertwined.

In the motion to strike, to compel and for sanctions, Nicholas asks the Court to strike Defendant Metropolitan Life Insurance Company's objections to his interrogatories; compel answers to interrogatories; and impose sanctions against Defendant pursuant to Fed. R. Civ.

---

[1] Nicholas impermissibly joined three separate matters in one pleading in violation of the district's Administrative Order No. Misc. 92-88. For that reason alone, the motion could be denied. However, as the motion is denied on the merits, it serves no legitimate purpose to require Nicholas to make separate filings. However, Nicholas is admonished to comply with the district's rules of procedure on all future filings.

P. 37. The motion for de novo review essentially is a request that Plaintiff be allowed to present evidence and matters outside that which was presented to the plan administrator when the benefit determination was made. [*See* discussion *infra*.] Plaintiff's motion for an award of benefits, although brief, appears to be premised on his position that Defendant's failure to respond to outstanding discovery requests, supports an immediate award of benefits.

### **Procedural Background**

Nicholas initially filed his complaint in State District Court essentially asserting that Defendant breached a contract. Thus, the complaint as filed sought to invoke a State common law remedy.

Nicholas' lawsuit, however, claimed an entitlement to short-term disability benefits under an employee benefit plan. Thus, notwithstanding Nicholas' nomenclature, this is a claim arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* As this lawsuit arises under federal law, 29 U.S.C. § 1132(e), and due to federal question jurisdiction, 28 U.S.C. § 1441(b), Defendant removed the case to the United States District Court.

At the Fed. R. Civ. P. 16 scheduling conference conducted in this case, the Court authorized Nicholas to file a first amended complaint specifically asserting his claims under ERISA.

## Analysis

### Discovery Permitted in this Case

On October 15, 2004, the Court authorized limited discovery in this litigation [Doc. 26]. In so doing, the Court noted:

> In his Amended Complaint, Nicholas asserted the existence of a conflict of interest. While discovery is generally not permitted in ERISA litigation, discovery can be permitted when there is an allegation of conflict. Nicholas sought and the Court granted his request to engage in formal discovery by way of written interrogatories on the issue of conflict. Nicholas requested 20 interrogatories to be served on Defendant. The Court authorizes those interrogatories, but limits their scope to matters relating to conflict of interest.
>
> In the event that Nicholas discovers information demonstrating the existence of a conflict, the Court may permit a follow-up deposition.

Id., pp. 1-2.

As there was a claimed factual dispute on the conflict of interest, the Court permitted Nicholas to engage in the discovery he requested, but limited the amount of time that would be authorized. The Court's order allowed the written interrogatories, but directed that discovery be completed by December 13, 2004. The problem is that Plaintiff's written discovery, while permissible under the Court's order, was untimely.

Indeed, so as to ensure there would not be any misunderstanding, because of Plaintiff's assertion that he is representing himself and has no legal training [Doc. 9, p. 2], the Court advised both parties that discovery must be completed by that date. Specifically, the Court advised that written interrogatories must be served with sufficient time that the

opposing party can answer the interrogatories within the time authorized by Rule 33, prior to December 13, 2004.

In <u>Thomas v. Pacificorp.</u>, 324 F.3d 1176 (10th Cir. 2003), the court held that interrogatories which were served without allowing the parties thirty days to respond under Rule 33(b)(3) prior to the close of discovery were untimely.

> The Federal Rules of Civil Procedure allow parties thirty days to respond to interrogatories and requests for production. Fed. R. Civ. P. 33(b)(3), 34(b). Therefore, requests must be served at least thirty days prior to a completion of discovery deadline. *See e.g.*, <u>Smith v. Principal Casualty Insurance Co.</u>, 131 F.R.D. 104, 105 (S.D. Miss. 1990).

In this case, Nicholas served his interrogatories by mail on November 12, 2004. The deadline for answers to these interrogatories would be thirty days plus three days due to mail service. Fed. R. Civ. P. 6(e) and 33(b)(3). Under <u>Thomas v. Pacificorp.</u>, the discovery must have been served at least thirty days before the close of discovery. So even if the three-day mailing period is not allowed, the fact that responses were due on the closing date of discovery makes them untimely. However, under Rule 6(e), which allows three days to be added to the thirty days, the interrogatories are untimely because they could not have been answered within the time provided by the Court's strict deadline.

The Court granted Nicholas ample time to engage in written discovery. Prior to his delayed service of interrogatories, Nicholas did not seek or obtain an extension of time from counsel or the Court to extend the discovery deadline. The Court concludes that Nicholas' interrogatories were untimely and, therefore, Defendant's objections as to timeliness were

properly presented. Had Nicholas served timely discovery on Defendant and had the discovery revealed a basis for the de novo standard of review to be applied in this case, Nicholas would have been permitted to present evidence to the Court that was outside that which was before the plan administrator when it made the benefits determination. However, without such discovery, to the extent it supported a de novo review, the Court cannot conclude such review is proper here.

## Conclusion

For the reasons stated, while Nicholas was entitled to engage in limited discovery, his written interrogatories were untimely. Thus, his motion to strike Defendant's objections based on untimeliness, his motion to compel responses to those objections and request for sanctions is denied. His related motion for a hearing is denied. In addition, Nicholas' motion for de novo review is denied because Nicholas was unable to establish that a de novo review was appropriate in this case, and the related motion for award of benefits is denied.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motion to strike objections to interrogatories, to compel and for sanctions [Doc. 29] is DENIED;

(2) Plaintiff's motion for a hearing on the motion to strike [Doc. 30] is DENIED;

(3) Plaintiff's motion for a de novo review [Doc. 31] is DENIED; and

(4) Plaintiff's motion for an award of benefits [Doc. 32] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge